In The United States District Court

For The Eastern District Of Virginia

Richmond - Division

FILED

MAY - 2 2019

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Particularized Complaint For Civil Action Number 3:18 CV597

Louis Roy Chapman,

Plaintiff;

V

Phyllis Smith   Education Director Lawrenceville Correctional Center (LVCC)

(First Name UnKnown) D. Kreitz   Job Coordinator (LVCC)

Shaniqua Moore   Law Library/Library Supervisor (LVCC)

(First Name UnKnown) T. Walker   Recreation Supervisor (LVCC)

Dave Robinson   Chief-Operations-Officer   (VDOC)

Marilyn Shaw   Chief of Housing and Programs (LVCC)

Crystal Jones   Facility Ombudsman   (LVCC)

Renee Woodson   Regional Ombudsman (LVCC) (VDOC)

(First Name UnKnown) K. Cosby   Regional Ombudsman (VDOC)

(First Name UnKnown) L. Torgenson   Safety Officer (LVCC)

(First Name UnKnown) T. Sommerville   Corrections Officer (LVCC)

(First Name UnKnown) T. Neville   Corrections Officer (LVCC)

(First Name UnKnown)  Thomas   Correction Officer (LVCC)

Global Experts and Outsourcing Inc. (GEO Inc) (LVCC)

Commonwealth of Virginia

Defendants

Louis Roy Chapman  Pro Se

3:18 CV 597

All Defendants are or were employed at Lawrenceville Correctional Center 1607 Planters Road, Lawrenceville, Virginia 23868, except (1) Renee Woodson and K. Cosby, Regional Ombudsman, 14545 Old Belfield Road, Capron, Virginia 23829; (2) Dave Robinson, Chief Operations Officer, 6900 Atmore Drive, Richmond, Virginia 23261.

All claims against all Defendants are in their Personal and Professional capacity acting under color of State law. Relief is asserted against Defendants jointly, severally, or in the alternative with respect to or arising out of the same Transaction, occurrence, or series of Transactions or occurrences.

This court has jurisdiction to hear all Federal and State Constitutional violation claims under the 1871 Civil Rights Act Section 1983, 28 USC Sections 1331, 1343 a (3), 1367 To obtain relief from violations of Federal Law 555 Prison Conditions.

Global Experts and Outsourcing is a privatized-for-profit prison group operating Lawrenceville Correctional Center 1607 Planters Road, Lawrenceville, Virginia 23868.

Chapman is currently confined at Lawrenceville Correctional Center, 1607 Planters Road, Lawrenceville, Virginia 23868,

3:18 CV 597

This Particularized Complaint is submitted at The invitation of The United States District Court For The Eastern District of Virginia, Richmond-Division ORDER April 17, 2019.

A. Chapman has NOT begun any other actions in state or Federal Court

B. Chapman Filed Grievance Exhaustion Statement (Exhibit A)

This court has all Exhibits who's designation remain The same.

STATEMENT OF FACTS

1.) This concerns Racial Discrimination, Gender Bias, Deliberate Indifference, Wantonness, Misappropriation of Funds, Non-Feasance and Mal-Feasance.

2.) Phyllis Smith, Education Director (Ed Dir) responsible For The Law Library/Library, D. Kreitz, Job Coordinator (JC) and Marilyn Shaw, Chief of Housing and Programs (CHAP) has a Black and Hispanic Law Clerk but NO White Smith, Kreitz and Shaw will not put Chapman's job application For Law Clerk Through The proper procedure because Chapman is White.

Phyllis Smith will NOT hire a White Law Clerk. Following Smith's lead, because Chapman is White, Kreitz and Shaw will not put Chapman's job application Though The proper procedure For a clerk's position in The Unit Manager or Counselor's office even Though There are Only Black inmate clerks in those positions.

3

3:18 CU 597

3.) Phyllis Smith, Shaniqua Moore, Law Library Supervisor, and Marilyn Shaw, in charge of The Regular Library, used by all men, has a Black Authors and Spanish Language section with a plaque. This is offensive, humiliating and degrading to Chapman. There are NO plaques or special sections for Caucasians, Native Americans, North Africans or any other race.

4.) Smith, Moore and Shaw, January 15, 2018 included Martin Luther King, Jr., on the Law Library/Library calendar. January 12, 2018 They did NOT include Robert E. Lee or Thomas "Stonewall" Jackson, because They are White Confederate Generals, but closed the Law/Library/Library both dates.

5.) Smith, Moore and Shaw accused Chapman of being Racist. When a White man stands for his Rights he is called a Racist. When Blacks do it, it is Their heritage.

6.) Smith, Moore and Shaw had a Black History Program scheduled. The only race designated, set apart given special Treatment.

7.) Marilyn Shaw, Phyllis Smith's boss, T. Walker Recreation Supervisor and GEO Inc. opens the smaller recreation yards with basketball counts and the gym for Blacks To play basketball, but intentionally closed The "Ball Field"; larger than both smaller yards Together, where Chapman and White men would coach and play Softball. Continuing The series of Racial Transactions.

4

3:18 CV 597

8.) Marilyn Shaw, Dave Robinson, Chief Operations Officer, Virginia Department of Corrections and GEO Inc., entered into a legal agreement for "TV ONE" an ALL Black TV channel, airing in the POD day room, an area used by all men, including Chapman.

   TV ONE'S speech is against Whites and America.
   There is NO ALL White TV channel.

9.) Crystal Jones, Renee Woodson and K. Cosby, DENIED Chapman a Tracking Number on Regular Grievances for ALL Black Officers and Staff.

   Giving Chapman a Tracking number for a White Officer only.

10.) Crystal Jones refused to give Chapman a Tracking Number for L. Torgenson Safety Officer concerning Unsanitary Showers, Misappropriation of Funds, and Non-Feasance.

11.) T. Sommerville's Racial Discrimination and Gender Bias eminates from Phyllis Smith establishing a pattern that on Regular Grievance Crystal Jones refused a Tracking Number. That Chapman Filed against Sommerville for Racial Discrimination and Gender Bias.

12.) (First Name Unknown) Thomas (Female) Racial Discrimination and Gender Bias eminates from Phyllis Smith establishing a pattern that on Regular Grievance Crystal Jones refused a Tracking Number that Chapman Filed against Thomas for Racial Discrimination and Gender Bias.

5

3:18CV 597

This concerns Phyllis Smith (Ed Dir), D. Kreitz (JC) and Marilyn Shaw, (CHAP) intentionally racially discriminated against Chapman because he is White and will NOT process his job applications: violating the United States Constitutions Eighth and Fourteenth Amendments, Virginia Constitution Article 1 Section 11, "Equal Rights Protection Clause and Prohibition of Discrimination and 42 USC Section 2000a et. Seq. 1964 Civil Rights Act.
   (See Paragraphs 1, 2)


12.) Smith, Kreitz and Shaw would not put Chapman's job application through the proper procedure.
   Chapman applied for Law Library Clerk, Unit Manager or Counselor's Clerk. (Exhibits B, H, I)
   There are only Black and Hispanic clerks in the Law Library and Only Black clerks working in the Unit Managers and Counselor's office.
42 USC Section 2000a et. Seq. 1964 "comprehensive legislation to end discrimination based on race, color, or national origin..." is designed to eliminate Racial Discrimination.
   Only Black and Hispanic clerks, does not represent the makeup of Lawrenceville Correctional Center.


14.) Chapman is well qualified for all positions.
   On the Law Test Chapman scored highest.
   Chapman has United States District Court Room experience and ex parte Judge Chambers Settlement Hearing experience concerning 42 USC Section 1983 Civil Rights Action.
   At Greensville Correctional, Chapman was a Law Clerk.
   Chapman was offered the position at Augusta Correctional

6

3:18 CV 597

several Times, but Turned it down because he was not guaranteed he could stay in his single-cell he had over Ten (10) years.

Law Library supervision Phyllis Bird would laminate Forty-Five (45) day; Five (5) period passes; scheduling different men For Chapman to help each period.

Chapman was Food Service Warehouse Clerk at Augusta getting the lowest Food costs in the state with a plaque For Donald Vaugent Food Service Director.

15.) LUCC-18-INF-00195, First Amendment Petition, concerning Phyllis Smith not hiring Chapman as a Law Clerk because he is White; Smith stated, "Thank you For giving me so much credit. However I do not interview or hire library aids" (Exhibit C 1-4)

This statement is in conflict with Fact.

Phyllis Smith hired a Black inmate, Sam Harris, who Never Took the law Test instead of Chapman, when Dana Kelly-Davis was Law Library Supervisor.

There are NO White Law Clerks.

Not a reflection of Lawrenceville.

Solely because Chapman is White. Smith, Kreitz and Shaw will NOT tune trim.

16.) The United States Supreme Court in Johnson v California, 543 US 499, 512 (2005) "Finding That a prisoner's Fourteenth Amendment Rights to "Equal Protection" are violated if the prison discriminates on the basis of Race."

The Fourth Circuit in Veney v Wyche 293 F3d 726, 730-31 (4th Cir 2002) "naming Two Requirements That must be met For a prisoner To make an "Equal Protection" "claim."

7

3:18 CU 597

First: Chapman's claim must state that he was treated differently
From other prisoners who were in a similar situation or
similar circumstances.

Second: Chapman's claim must state that the unequal treatment
resulted from intentional or purposeful discrimination.

The "Equal Protection" clause of the Fourteenth Amendment
guarantees all persons in the United States including prisoners
The "Equal Protection" of the law.

Mason v Schriro, 45 F. Supp. 2d 709 (W.D.M. 1999) "holding that
Section 1997e(e) was unconstitutional as applied to the plaintiff's
Fourteenth Amendment claim, because it would deprive the
prisoner of meaningful remedy."

Klinger v. Dept. of Corr., 31 F3d 727 731 (8th Cir 1994) "noting the
"Equal Protection" clause requires the state to treat people alike in similar situations.

Washington v Lee, 263 F. Supp. 327 (M.D. Ala. 1966) "Racial Discrimination
and segregation by prison authorities are unconstitutional under the
"Equal Protection" clause of the Fourteenth Amendment.

Wilson v Seiter, 501 US 294 (1991) "conditions of confinement establish
an 8th Amendment violation "in combination" when each would not do so alone..."

Armstrong v Drahos, No 0IC 2697 2002 US Dist. LEXUS 1838 at *8 (N.D. 111 F.66 2002)
"because the Eighth Amendment is understood to protect not only the individual
but the standards of society the Eighth Amendment "can be violated"
even when no pain is inflicted."

17.) Smith, Krotz and Shaws actions of not properly processing Chapman's job
applications having only Black and Hispanic clerks is prima facie of

8

3:18 CV 597

Racial Discrimination and Gender Bias against Chapman.

See Paragraph 3

Phyllis Smith, Shanique Moore and Marilyn Shaw, in charge of The Regular Library, used by all men including Chapman, only has a Black Authors and Spanish Language Section with a plaque.

There are NO plaques for Caucasians, Native Americans, North Africans Authors or any other Race in the World.

This is offensive and humiliating and degrading To Chapman. Violating The Eighth and Fourteenth Amendments, Virginia Constitution Article I Section 11 "Equal Rights Protection clause and Prohibition of Discrimination and 42 USC Section 2000a et. seq, 1964 Civil Rights Act.

18.) January 26, 2019, in her office, Shanique Moore, Law Library Supervisor informed Chapman, Phyllis Smith Told her about The grievance concerning NO plaques or special Sections for Caucasians, Native Americans, North Africans or any other authors in the world "ONLY" Black and Spanish language.

This agitated Moore. She became animated; Talked about slavery.

Moore asked Chapman if he was a Racist; in the presence of inmates in the library.

This was humiliating, insulting, degrading and demeaning.

19.) Moore's asking Chapman if he is Racist. is Racist itself. Violating Johnson v California supra, Veney v Wyche, supra, Klinger vDeptofCorr, supra "Stating a Fourteenth Amendment Right To Equal Protection," and Operating Procedure 130.1, below concerning verbal abuse.

9

3:18 CU 597

Moore said, "You will be fighting all The United States and the world. "Good Luck with That"

20.) LVCC-18-INF-00209, First Amendment Petition, concerning the above, Smith Replied, "Your constant Referral To yourself as a white male may cause one to question This" (Exhibit D 1-4)

Smith did NOT Respond To The complaint but "ATTACKED" Chapman is clearly Racist and Gender Biased.

Moore asking Chapman in The presence of other inmates if he is Racist is also clearly Racist and Gender Biased.

21.) 42 USCA Section 1981 Title VII Prohibition of Sex Discrimination, Code of Virginia (COV) Section 40.1-28.6 Gender Discrimination and Virginia Department of Corrections Operating Procedure 130.1 Rules of Conduct Governing Employees Relationships with Offenders; Authority COV Section 2.2-2900 et. seq. 53.1-10, 18.2-64.2, 18.2-67.4

IV Professional Conduct Group (E) Courtesy and Respect "At all Times employees shall be respectful, polite and courteous in their contact with offenders... "Such behavior is a primary Factor in maintaining order, control and good discipline and in effectively and efficiently carrying out The mission of The department.

(F) Humane Treatment: Offenders shall be treated humanely. Abuse or any form of corporal punishment or hazing is prohibited. NO profane, demeaning, indecent, or insulting language, or words with Racial, Religious or ethnic connotations shall be directed Toward, or used in The presence of such persons.

VI Offender Abuse Prevention: (A) Any individual staff member who physically or "Verbally abuses" any offender may be subject To disciplinary action

10

3:18 CU 597

in accordance with appropriate DOC standards of Conduct and Performance."

22) Smith, Moore and Shaw's Racial Harassment and Gender Bias is intended to have a "chilling" effect on Chapman.

23) Chapman is NOT a Racist and is NOT Responsible for slavery. To have NO plaques for authors other than Blacks or Spanish Language is humiliating and degrading to Chapman.

24) When a White man stands for his Rights he is called a Racist. When Blacks do it, it is Their heritage.

(see Paragraph 4)
Phyllis Smith, Shaungua Moore, and Marilyn Shaw are responsible for the Law Library/Library calendar, posting CLOSED FOR MARTIN LUTHER KING, JR, DAY but did not post CLOSED FOR ROBERT E. LEE, THOMAS "STONEWALL" JACKSON DAY, because they are White Confederate Generals, but closed for both. This is humiliating and degrading to Chapman as he is a Native born Virginian same as Them. This is a violation of The Eighth and Fourteenth Amendments, Virginia Constitution Article 1 Section 11 "Equal Rights Protection Clause and Prohibition of Discrimination and 42 USC Section 2000a et.seq. 1964 Civil Rights Act.

25) January 15, 2018, The calendar stated "CLOSED MARTIN LUTHER KING, JR, DAY".      (Exhibit E)

11

3:18 CV 597

January 12, 2018 The Law Library also closed.

26.) The calendar did NOT state CLOSED ROBERT E. LEE, THOMAS "STONEWALL" JACKSON DAY, because Lee and Jackson are White Confederate Generals.

To Chapman this is offensive, humiliating and degrading, Racism.

27.) IVCC-18-INF-00352 First Amendment Petition concerning the above Smith stated: "Martin Luther King Day is a national holiday. Therefore the library schedule reflects this. GEO does not recognize Lee-Jackson day as a holiday. Perhaps you could request a transfer to a state facility where you can celebrate both Martin Luther King and Lee-Jackson Days" (Exhibit F 1-4) (See NOTICE OF INTENT)

28.) The Law Library was closed January 12, 2018 even though Smith claims GEO does not recognize Lee-Jackson Day as a holiday.

Because GEO does business in Virginia it must recognize Lee-Jackson Day.

29.) Smith, Moore and Shaw, NOT listing Robert E. Lee and Thomas "Stonewall" Jackson on the calendar same as Martin Luther King, Jr, but closed for both because Lee and Jackson are White Confederate Generals is constitutionally defective.

3:18 CV 597

Smith's statement GEO only recognizes Black heroes, not White Virginia Heroes, is constitutionally defective.

30.) Johnson v California, supra, Veney v Wyche, supra, Klinger v Dept of Corr, supra, Washington v Lee, supra, Wilson v Seiter, supra, Armstrong v Drahos, supra "Equal Protection clause requires the state to treat people alike in similar situations"

(see paragraph 5)
Phyllis Smith, Shaniqua Moore and Marilyn Shaw called Chapman a Racist. Phyllis Smith cannot win and she knows this. A second time in response to a First Amendment Petition she "ATTACKED" Chapman violating the Eighth and Fourteenth Amendments, Virginia Constitution Article I Section 11, "Equal Rights Protection Clause and Prohibition of Discrimination and 42 USC Section 2000a et. seq. 1964 Civil Right Act.

31.) LUCC-18-INF-00419 First Amendment Petition concerning Smith's response to LUCC-18-INF 00209 above "your constant referral of yourself as a white male may cause one to question this."
Smith responded to 00419 "Racial Discrimination is the Focal point of your complaint. My response will remain "you have given an accurate picture of yourself" (Exhibit G 1-4)

Clearly establishes a pattern of Racial Discrimination against Chapman.

3:18 CV 597

32.) When Smith, Moore, Shaw and GEO, Know They can't win and are wrong; They "ATTACK" Chapman personally.

33.) Smith is saying Chapman is a Racist supported by Moore, Shaw, GEO and Crystal Jones, Ombudsman because she Refused To give Chapman a Tracking number For his Regular Grievance and Forward iT To the warden.

34.) Operating Procedure (OP) 130.1 Rules of Conduct Governing Employees Relationships with offenders; (above)
"AT all Times employees shall be respectful, polite and courteous in Their contact with offenders..."
"Offenders shall be Treated humainly "... No profane, demeaning, indecent or insulting language... shall be directed Toward, or used in the presence of such persons. "
"Any individual sTAFF member who... verbally abuses any offender may be subject To disciplinary action in accordance with appropriate DOC sTandard of conduct and performance."
"The use of vulgar, obscene, humiliating, racially or ethnically degrading language in the presence of, or Toward, an offender either directly, or indirectly is prohibited."

35.) Smith's response and Moore, Shaw, GEO and Jones support establishes prima facie evidence of a pattern of Racial Discrimination and Gender Bias against Chapman.

36.) Johnson v California, supra, Veney v Wyche, supra, Klinger v Dept of Corr, supra, Washington v Lee, supra, Wilson v Seiter, supra

14

3:18 CV 597

Armstrong v Drabos, supra "Equal Protection clause requires the state to treat people alike in similar situations."

(See paragraph 6)

Phyllis Smith, Shaniqua Moore, Marilyn Shaw and GEO Inc., scheduled a Black History Program. They did NOT schedule a Caucasian, Native American, North African or any other Race in the world on any History Program Chapman can Relate. This is a violation of the Eighth and Fourteenth Amendments, Virginia Constitution Article 1 Section 11 "Equal Rights Protection Clause, Prohibition of Discrimination and 42 USC Section 2000a et. seq. Civil Rights Act

37.) "African Americans in Time of War" was the theme.
The only reason it was not held is Lawrenceville Went on the quarterly lockdown February 28, 2018.

38.) There is NO Caucasian, Native American, North African or any other race in the world or any History Program Chapman can relate to.
"Only Black History"

39.) There is nothing special about Black History that makes it different than the History of any other Races.
There is NO History Program For Chapman to participate in. Chapman cannot relate to Black History.

15

3:18 CV 597

40.) Smith, Moore, Shaw and GEO not having a History Program
For which Chapman can relate and having only a Black
History Program is a violation of the Eighth Amendment
because the Eighth Amendment is understood to protect not
only the individual but the standards of society... Armstrong v
Deahos, supra, See Johnson v California; supra, Veney v Wyche supra,
Klinger v Dept of Corr supra, Washington v Lee supra, Wilson v Seiter, supra,
"Finding that a prisoner's Fourteenth Amendment Rights to "Equal Protection"
are violated if the prison discriminates on the basis of Race."


(See paragraph 7)
Marilyn Shaw, Phyllis Smith's boss, T. Walker Recreation Supervisor
and GEO Inc. intentionally planned Recreation for Blacks not White.
Defendants have not maintained the exercise equipment in
good condition; with many broken parts, leaving nothing outside For Chapman
Violating the Eighth and Fourteenth Amendments and Virginia
Constitutional Article I Section 11, Equal Rights Protection Clause
Prohibition of Discrimination, 42 USC Section 2000a et seq
1964 Civil Rights Act, Mismanagement of Funds Non-Feasance
and Mal-Feasance


41.) Defendants shut down the "Ball Field" the largest of the
Three (3) Recreation yards. The "Ball Field" is where White
inmates and Chapman would coach and play "soft ball."
    Defendants refuse to use security.
    Defendants keep the smaller Two (2) yards and the gym
open For Blacks to play basket ball; using security.

3:18 CV 597

42.) LUCC-18-INF-00196 First Amendment Petition concerning
the above; Shaw replied, "The ball field has been closed
for a while due to security issue." (Exhibit J 1-4)

Racial Discrimination against Chapman and White inmates
and mismanagement are the security issues.
The "Ball Field" was open four (4) or five (5) days the summer of 2017.

Shaw's excuse of Security issue, is the fake "catch-all"
when the real reasons are Racial Discrimination, Deliberate Indifference,
Mismanagement of Funds, Non-Feasance and Mal-Feasance.

43.) Supreme Court Justice Robert Jackson in Knauff v. Shaughnessy,
338 US 537 (1949) "Security is like liberty in that many are the crimes
committed in its name".

44.) Defendants have NOT maintained the exercise equipment
in good condition with many broken parts.
The exercise equipment is dangerous to use.
Where is the money going that is designated for Recreation?

45.) Operating Procedure 841.6 Recreation and Programs: Authority
COV Section 53.1-32 IV Procedures (B) Institutions Recreation (Exhibit J-5)
1) Each institution shall provide for a comprehensive recreational
program that includes both leisure time activities and indoor/outdoor
exercise activities appropriate to the institutional mission and
offender population. (LUCC is second largest prison in Virginia)
3) Adequate facilities and equipment for a planned recreation

17

3:18CV 597

or exercise activities shall be available in proportion to the "offender population" and shall be maintained in good condition. (There are One Thousand Three Hundred Fifty Six men at Lawrenceville) 1356. This is NOT the case at Lawrenceville.

46.) The recreation yard is adequate if you are Black but NOT for Chapman or if you are White.

47.) Shaw, Walker and GEO have created a culture of Racism eminating from Phyllis Smith and Crystal Jones.

48.) The only possible reason for Defendants Deliberate Indifference, Wantoness is Racial Discrimination against Chapman because he is White.
        See Armstrong v Drahos, supra, Eighth Amendment is understood to protect not only the individual but the standards of society..." Johnson v California, supra. Veney v Wych supra, Klinger v Dept of Corr, supra, "Finding That a prisoner's Fourteenth Right to "Equal Protection" are violated if the prison discriminates on the basis of Race, 42 USC Section 2000a et.seq. 1964 Civil Rights Act.

        (see paragraph 8)
Marilyn Shaw, Dave Robinson, COO/VDOC and GEO INC. has NO. All White TV Channel but has TV ONE an ALL Black TV Channel airing in the POD day Room, an area for All inmates including Chapman, NOT just for Blacks, using Racist language

18

3:18 CV 597

offensive, degrading and humiliating To Chapman in violation of The Eighth and Fourteenth Amendments and Virginia Constitution Article 1 Section 11 "Equal Protection Clause and Prohibition of Discrimination and 42 USC Section 2000 a et. Seq. 1964 Civil Rights Act.

49.) October 24, 2017, Warden James Beale replied To Chapman's Request, "The TV Channels are on "contract" with Virginia Department of Corrections. (Exhibit K)

January 3, 2018, concerning TV ONE, Chapman mailed a letter To Dave Robinson. (Exhibit L)

February 23, 2018, Sherida Davis-Bryan Correspondence Unit Manager "ADMITTED" TV ONE is under "contract" (Exhibit L-1)

50.) TV ONE's language is Racist with ethnic connotations offensive, humiliating and degrading To Chapman.

51.) The George Jefferson Show uses Racist Language Such as "Honkey" and "Cracker", Refering To Whites.

52.) The Bill Cosby show has Bill Cosby a convicted "Sex Offender."

53.) Hearing the Racist language is bad enough but To have a Sex Offender on TV ONE in prison is itself disgusting, offensive and should not be aired in 72 POD an area For all men including Chapman.

19

3:18 CU 597

54.) A contract with TV ONE singles out Blacks for special Treatment, 72 POD dayroom is for ALL men including Chapman NOT just Blacks.

55.) LUCC-18-INF-00197 FIRST Amendment Petition, Chapman asked Marilyn Shaw to respond instead Crystal Tower Facility Ombudsman Responded, "According to Marilyn Shaw DOC determines what channels are provided to the population. Any offender who does not like the channel on the dayroom set has the option to purchase a Television to watch programs of their choosing. (Exhibit N 1-4)

This statement is saying OK Chapman because you are White if you don't like what the Blacks are watching, Racist, Anti-White, Anti-American biased Rhetoric, because we cater to Blacks. "Buy A TV And Go In Your Cell"

56.) The only possible explination for a contract for an ALL BLACK TV Channel and ALL Spanish TV Channel and NO ALL White TV Channel is intentional Racial Discrimination against Chapman and White inmates.

57.) Four (4) Times Chapman Requested The Financial Status Report (Commissary Balance Sheet) From J. Walker (Assistant Warden of Finance and Administration (AWFA) Operating Procedure 801.6 Offender Services; Authority COV Section 53.1-10 IV Procedures (D) Commissary Services (2) Each Facility commissary Funds are audited independently by the Headquarters Financial Reporting Unit, following standard accounting procedures and a current

3:18 CV 597

Financial Status Report (Commissary Balance Sheet) is "publicly posted" and available For "Offender Viewing." (4-4043, 4-ACRS-7D-29; 2-10-18-13) (Exhibit M 5,6 Request) (Exhibit M 7 OP 801.6)

58.) Part of the 6.5% profit from commissary; Chapman participates in; is being used by "contract" to pay For TVONE airing in 72 POD day Room, used by Chapman and all men.

59.) TVONE is against Whites and America Racist and Biased. Paying For TVONE with Chapman's commissary money is a violation of 42 USC. Section 2000a et. seg 1964 Civil Rights Act

60.) LUCC-18-INF-00847 First Amendment Petition, Walker stated, "Due changes in system business will post statement once the March statement is received and balanced. You will Find it posted in the offender library at the end of April 2018) (Exhibit M 8-11) May 1, 2018 Chapman sent Request To Shanique Moore, "Do you have that monthly statement" Moore Replied "I have not received it yet" (Exhibit M 12)

What is Shaw, Moore, Robinson, Walker and GED Inc. hiding? As of This date Chapman has not seen the Financial Status Report; showing how much money is being spent on TVONE an ALL Black TV Channel.

21

3:18 CU 597

61.) Shaw, Moore, Robinson, Walker and GEO Inc. have
created a culture of Racism and Gender Bias,
Misappropriation of Funds, Deliberate Indifference,
Non-Feasance and Mal-Feasance violating the Eighth
Amendment conditions of confinement "in combination"
when each would not do so alone. Johnson v California supra,
Veney v Wych supra, Klinger v Dept of Corr, supra.
Finding That a prisoners Fourteenth Amendment Right to
Equal Protection "are violated" if the prison discriminates on
The basis of Race.


(See paragraph 9)
Crystal Jones, Renee Woodson and K Cosby, DENIED Chapman
a Tracking Number on Regular Grievances FOR ALL Black OFFICERS
and STAFF, Non-Medical, including Phyllis Smith.
    Giving Chapman a Tracking number FOR a White OFFICER
Only. Violating The Eighth and Fourteenth Amendments and
Virginia Constitution Article I Section 11, Equal Protection
Clause, Prohibition of Discrimination and 42 USC Section
2000a et. seg. 1964 Civil Rights Act.


62.) Crystal Jones, Renee Woodson and K. Cosby intentionally
DENIED Chapman's FIRST Amendment Petitions based on
Race and Gender.
    Chapman is aware he has no constitutional Right
To a grievance proceeding. THIS ISSUE IS NOT That.
    This is an issue of Race and Gender Bias.

22

3:18 CU 597

Defendants intentionally interferred, using Race and Gender Bias, with Chapman's efforts to comply with The Prison Litigation Reform Act (PLRA), exhaustion requirement and his First Amendment Right to patition the government for a Redress of grievances because Chapman is a White Male. (Exhibit N1-55)

63.) ALL of Chapman's properly and Timely Filed First Amendment Petitions against BLacK officers and staff; Non-Medical; Defendants Refused a Tracking number To proceed To The warden, Including but not limited To Phyllis Smith, Marilyn Shaw, T. Walker, J. Walker, T. Sommerville and OFFicer Thomas. (Female)

64.) Woodson and Cosby, Regional Ombudsman uphold Jones' Racist, Gender Bias decisions.
    OFFicer L. Kuser, White male, Chapman Filed First Amendment Petition against, Woodson overturned; Jones Refusal of a Tracking number To proceed to the warden; and sent it back To The Facility.
    Jones assigned LVCC-17-INF-03712/LVCC-18-REG-00007 (Exhibit O 1-5) Informal Complaint (INF) Regular Grievance (REG)

    Making The grievance concerning The White officer The only grievance To go to The warden.

65.) January 8, 2018 Chapman mailed an Affidavit Notarized To Greg Holloway, Regional Administrator, (Exhibit P1)

23

3:18 CV 597

The affidant is in Response To Phyllis Smith's Racist
Response To Chapman's Request (Exhibit P2)

The affidant proveded data That eleven (11) Teachers closed
Classes From Ten (10) To seventeen (17) days out of
Twenty-Seven (27) closing more Than opening.

The affidant contains prima facie evidence, Phyllis Smith
does not have control of her class rooms and describs
Phyllis Smith's Deliberate Indifference, Now-Fearance and
Misappropriation of Funds.

Renee Woodson Responded; Not allowing Greg Holloway
To whom the affidant was intended To Respond.

Woodson stated "Although your concerns are appreciated
and noted There is no evidence enclosed to support the proper
utalization of the Offender Grievance Procedure (OP866I) (Exhibit P3)

Woodson did no investigation; Chapman cannot File a
grievance concerning This issue because it does not affect
him personally.

66.) January 11, 2018 Chapman sent a letter To Greg Holloway,
With Tangible prima facie evidence in the Form of Informal Complants;
Crystal Jones intentionally held up To Twenty-Five (25) days; because
They concerned Black Officers and staff

This action made Them late per Operating Procedure 866I
Offender Grievance Procedure.

Again Woodson Responded in a letter with the same
Form Response as above. (Exhibit P4)

24

3:18 CV 597

67.) Crystal Jones Falsely claims she has never held an
Informal Complaint Twenty-Five (25) days but
IVCC-18-INF-00117 proves she did. (Exhibit N 7-14)(Exhibit P5)

68.) Chapman periodically asks S. Wall, Mail Room, To Tell
him when she delivers Informal Complaints and Regular Grievances
To Jones. Wall responds (Exhibit P 6,7)
Renee Woodson again deliberately DENIED Chapman a White male
access To The Regional Director To present Tangible prima facie
evidence of Racism and Gender Bias.

69.) K. Cosby, April 27, 2018 Sent a Form letter To inmate
Conrad Burke #1201550. The letter had Burke's address
but The greeting was To "Dear MR Chapman" (Exhibit P9)
  K. Cosby, Rubber Stamps Chapman's First Amendment
Petition, doing no investigation.

70.) The combination of Defendants Denying grievances based
on Race and Gender Bias, eminating From Phyllis Smith
is a violation of The Eighth Amendment. The United States
Supreme Court in Wilson v Seiter, 501 US 294 (1991)
"conditions of confinement establish an 8TH Amendment
violation "in combination" when each would not do so alone..."
Johnson v California, supra, Veney v Wyche supra,
Klinger v Dept of Corr. supra, Washington v Lee, supra,
Armstrong v Drahos, supra, 42 USC Section 2000a et. seq,
2000a et seq. 1964 Civil Rights Act

3:18 CV 597

## No Constitutional Right To Grievance Procedure

71.) This concerns the (i) Prison Litigation Reform Act (PLRA), Exhaustion Requirement; (ii) First Amendment Right To petition the government for a redress of grievances; (iii) 4th Circuit and other courts, determined Chapman has no constitutional right To participate in a grievance proceeding.

72.) Question #1

If the First Amendment of the United States Constitution gives Chapman the right To petition the government for a Redress of grievances, and the PLRA requires that he exhaust all his administrative remedies before he can file a Section 1983 but, the 4th Circuit and other courts say "There is no constitutional right To participate in grievance proceedings" Adams v. Rice, 40 F3d 72, 75 (4th Cir 1994)(citing Flick v. Alba, 932 F2d 728, 729 (8th Cir 1991)

"Moreover, a prison official's failure To comply with grievance procedures is not actionable under section 1983" See e.g. Chandler v Cordova, No 1:09 CV 483 (LMB/TCB) 2009 WL 1491421, at *3 n.3 (E.D. Va. May 26 2009)

"Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure To comply with the grievance procedure is not actionable under Section 1983." Banks v Nagle, Nos. 3:07 CV 419-HEH, 3:09 CV 14 2009 WL 1209031, at *3 (E.D. Va May 1, 2009)

Then what vehicle does Chapman use To petition the government for a Redress of grievances under the First

26

3:18 CV 597

Amendment guarantee and requirement of The PLRA,
If not the Offender Grievance Procedure 866.1?

73.) Question #2

   If prison official's failure To comply with grievance procedures
is not actionable under Section 1983 Then what is Their failure
To comply actionable under and what relief is available?

74.) Question #3

   Enclosed please Find Virginia Department of Corrections "First
Amendment Position 866-F1-417. See page 2 of 2 INTAKE
"Does not affect you personally (The issue did not cause you
personal loss or harm) (highlight in yellow) (Exhibit P8)
(a) If There is no constitutional right To a grievance procedure
and prison officials Failure To comply with a grievance procedure
is not actionable under section 1983: What authority does the
Ombudsman, with no legal degree or Training, did not see
or Talk To Chapman! have to determine That an issue!
such as "being 66 years old, had a heart attack; with Two (2)
stints in his heart and a stroke on The left side, Forced To
stand outside in seventeen (17) degree snow, sleet, rain, on more
Than one occasions; over an hour For Life Sustaining
Self-medication with numb Fingers, runny nose, ears aching,
often not being able To get The medication because Medical
does not have it; does not affect Chapman personally,
This issue did not cause Chapman personal loss or harm?
(b) Isn't it True "Loss or harm" is To be determined by a judge
   or jury?

27

3:18CV597

(c) Isn't it True practicing law without a license is illegal?

(d) Isn't it True an Ombudsman has no authority to determine loss or harm?

(e) Isn't it True "Does not affect you personally (This issue did not cause you personal loss or harm) on page 2 of 2 of the First Amendment Petition Form must be eliminated because "NO" Ombudsman has the authority or constitutional right to determine "Loss or Harm"?

75.) Question #4

Isn't it True because there is no constitutional right to a grievance procedure then the Virginia Department of Correction must do away with Operating Procedure 866.1 Offender Grievance Procedure because it has no value serving no purpose?

76.) Question #5

Isn't it True because there is no constitutional right to a grievance procedure then the Virginia Department of Corrections must do away with the position of Ombudsman (Grievance Coordinator) at the Local Facility, Region, the Richmond Office and all related positions?

77.) Question #6

Isn't it True Funding for an Ombudsman and Related positions is misappropriation of Funds because (i) There is no constitutional Right to a grievance procedure; (ii) They have no value serving no purpose; or (iii) prison officials Failure to comply with grievance procedures is not actionable and

28

3:18 CV 597

There is no recourse when they fail to follow policy?

78.) Question #7
Then why go through the farce, in Virginia, of filing an Informal Complaint, Regular Grievance, Intake Appeal; when Chapman has "no" constitutional right to a grievance procedure and Defendants won't give a Tracking Number to Black officers and staff and allow it to proceed to the warden?

79.) Chapman cannot exhaust something he has no right to. Enclosed find Twenty-one (21) sets of grievances with hundreds of pages for this 1983 alone exhausted by Chapman. What a useless waste.
Chapman says go straight to the 1983.

(See paragraph 10)
Crystal Jones refused to give Chapman a Tracking number to Regular Grievance filed against L. Torgenson, Safety Officer, for failing to maintain showers in 72 Pod. Violating the Eighth Amendment unsanitary conditions and Fourteenth Amendment and Virginia Constitution Article I Section 11 "Equal Rights Protection clause and Prohibition of Discrimination and 42 USC Section 2000a et. Seq. 1964 Civil Rights Act.

80 .) LUCC-18-INF-00050 First Amendment Petition concerning unsanitary Showers. Torgenson Replied "The paint crew has been working around the entire compound to paint

29

3:18CV597

all showers. IF the heavy duty chemicals are being used correctly the showers will be clean and sanitary. Maintenance is working on the concrete issue. I include the condition of the showers in my monthly Report. (Exhibit Q 1-4)

Torgenson cannot report accurately on showers, she does not come to 72 POD monthly.

81.) Showers have concrete coming off the floors and paint coming off the walls.
The last Time Chapman can remember showers being painted was over three (3) years ago.

82.) Torgenson does not provide enough of the proper cleaning supplies and does not supervise the mixture.

83.) 2017 a crew of six (6) inmates sent by Torgenson, unsupervised, to 72 POD; Two (2) worked on showers, still not finished. The rest were on the POD Telephone or watched TV.

84.) October 2017 Chapman talked with Warden James Beale about the showers. He said he was working on painting them all. "Never Happened"

85.) October 3 2017 Chapman sent request to L. Torgenson concerning showers. No Response. (Exhibit R)

86.) February 7, 2018, Captain May and Sergeant Garner "ADMITTED" they were aware of the unsanitary shower conditions.

30.

3:18 CV 597

They know about the Black mold, mildew, scum and bugs in the showers because they have seen it and can smell it.

87.) February 7, 2018, Chapman sent request to Warden James Beale, Unit Manager N. Graves and again to Torgenson. Only Beale Responded (Exhibit R1, R2, R3)

88.) February 10, 2018, Jerry Street, acting Unit Manager, told Chapman, "They have the money now to paint the showers." Chapman was also told money for stainless steel, like the Department of Corrections has was supposed to be approved for Lawrenceville Three (3) years ago.

Where is the money for the stainless steel?

89.) This concerns shower #12: POD 72
March 8, 2018, Black deodorant label stuck to shower floor.
March 9, 2018, Same Black deodorant label stuck to shower floor
March 10, 2018, Clear plastic medicine cup on show floor.
        Irish Spring soap box on shower floor.
        Same Black deodorant label stuck to shower floor.
March 11, 2018, Clear plastic medicine cup on floor in front of shower.
        Irish Spring soap box on floor in front of shower
        Same Black deodorant label stuck to shower floor
March 12, 2018, Clear plastic medicine cup smashed on floor in front of shower.
        Irish Spring soap box still on floor in front of shower.
        Same Black deodorant label stuck to shower floor.

3:18 CV 597

This is not in Torgenson's Fake monthly Report.

Chapman stopped on the 12th To add this To his 1983.
Chapman cleaned the shower himself. Not his Job.

Black inmates clean shower #12. Torgenson Refused To
have them clean shower #12 because Chapman uses iT.

90.) The counselor's office, sallie-port, Front wall of 72 POD
and yellow square on Floor in Front of 72 POD exit door
painted again on The exact same days as above.

91.) March 14, 2018 The auditors were coming.
IF The auditors would just show To see what Lawrenceville
Realy is like, ThaT would be better.

Chapman is not allowed To Talk to The auditors.

92.) May 30, 2018 7:15am, in shower #12 Black Mold was discovered
by Chapman, running down The wall and in all corners
oF The shower.
Chapman Told Sergeant Garner and she had an inmate clean iT.

93.) Crystal Jones Refused To give Chapman a Tracking number
For his Regular Grievance To be Forwarded To The warden,
concerning The unsanitary condition oF shower #12 and
other showers. Violating The First and Eighth Amendments.
Right To petition the government For unsanitary showers.

3118 CV 597

94.) L. Torgenson is in violation of The Eighth Amendment concerning unsanitary condition of shower #12 and others. The Fourteenth Amendment and Virginia Constitution Article 1 Section 11, Misappropriation of Funds, Mal-Feasance, Non-Feasance Johnson v California, supra, Veney v Wright supra, Klinger v Dept of Corr supra Finding That a prisoner's Fourteenth Amendment Rights To Equal Protection "are violated" if the prison discriminates on The basis of Race",

(See paragraph 11)

This concerns T. Sommerville Corrections Officer, Racial Discrimination and Gender Bias comes from Phyllis Smith establishing a pattern in violation of The Eighth and Fourteenth Amendments, Virginia Constitution Article 1 Section 11 Equal Protection clause and Prohibition of Discrimination, 42 USC Section 2000a et. seq. 1964 Civil Rights Act and Operating Procedure 130.1 Rules of Conduct Governing Employees Relationships with Offenders

95.) ▉) LVCC-17-INF-03649 First Amendment Petition, Anthony Parker Chief-of-Security "ADMITTED" Sommerville said. "Shit Happens Deal With It"    (Exhibit 51-4)

96.) November 22, 2017, lunch. Chapman in the chowhall asked T. Sommerville "Where are the cups?"

Looking directly at Chapman Sommerville said "Shit Happens Deal With It" What made it worse Officer T. Neville laughed.

3:18 CV 597

Sommerville did not say this to any Black inmates only Chapman, because he is White.

97.) June 4, 2018, 7:10 AM Chapman asked Sommerville if she would get someone that could wipe the table, because it had smeared Peanut butter.

Chapman was sitting with three (3) White men.

Chapman had asked the only kitchen worker, who was Black.

Instead he picked up trays and wiped the table for Blacks only.

Sommerville said, "worker was not going to wipe "that" table."

Blatant Racist and Gender Bias.

98.) Sommerville is in violation of the Eighth Amendment; understood to protect the individual and standards of society.

Fourteenth Amendment and Virginia Constitution Article 1 Section 11 "Equal protection clause and Prohibition of Discrimination

42 USC Section 2000a et. Seq 1964 Civil Rights Act.

42 USCA Section 1981 Title VII Sex Discrimination

Code of Virginia (COV) Section 40.1 - 28.6 Gender Discrimination

COV 2.2-3900 Virginia Human Rights Act

COV 2.2-3901 Unlawful discrimination practice ...

VDOC OP 135.1 Standards of Conduct - Group III Termination

VDOC OP 130.1 Rules of Conduct Governing Employees Relationships with Offenders (Exhibit S-5) (above pg 10)

3:18 CV 597

(See paragraph 12)

This concerns (First Name Unknown) Thomas (Female) Correctional Officer, Racial Discrimination and Gender Bias comes From Phyllis Smith establishing a pattern in violation of the Eighth and Fourteenth Amendments, and Virginia Constitution Article 1 Section 11, Equal Protection Clause and Prohibition of Discrimination, 42 USC Section 2000a et. Seq. 1964 Civil Rights Act and Operating Procedure 130.1 Rules of Conduct Governing Employees Relationships With Offenders.

99) ■) July 17, 2018, 7:20 AM Chapman and other White men were sitting at a Table that was dirty. Chapman asked Officer Thomas if she could get someone to wipe the table.

Thomas Yelled, "I Am Not Going To Do It" "I Am Not Going To Do It" "My Name is THOMAS"

100.) July 17 2018, Chapman Filed LVCC-18-INF-02012 (Exhibit S10-12) July 25, 2018 3:00 PM, in a meeting with Anthony Parker Chief of Security, Thomas and Chapman.
Thomas made multiple statements in conflict with Fact, Not responding To the complaint of her blatant "Racist" Act of not having someone wipe the table where Chapman ate with other White men.
Thomas went into an incoherant rant conflaiting Chapman with another inmate.

35

3:18 CV 597

Thomas said, "OFFICER L. Kuser wanted To Know if she was going to write a charge.

July 25, 2018 4:32 pm Kuser Told Chapman he never asked Thomas about a charge.

101.) Multiple inmates witnessed Thomas' Racist Actions and will be produced at the proper Time For Fear of Retaliation.

102.) Thomas is in violation of The Eighth Amendment: Understood to protect the individual and standards of society Fourteenth Amendment and Virginia Constitution Article 1 Section 11 "Equal Protection Clause and Prohibition of Discrimination, 42 USC Section 2000a et. Seg. 1964 Civil Rights Act. 42 USCA Section 1981 Title VII Sex Discrimination Code of Virginia (COV) Section 40.1-28.6 Gender Discrimination COV 2.2-3900 Virginia Human Rights Act. COV 2.2-3901 Unlawful discrimination practice in VDOC OP 135.1 Standards of Conduct= Group III Termination VDOC OP 130.1 Rules of Conduct Governing Employees Relationships with Offenders (above pg 10)

LEGAL STANDARDS

103.) Hudson v McMillan, 503 US 1, 10 (1992) "allowing claims to go Forward even where there was no injury or need For medical attention. Smith v Wade, 461 US 30, 56 (1983) "holding that a prisoner may be awarded "punitive damages" For Reckless Indifference to his rights as well as evil intent"

Legal Standard (continued)    3:18 CV 597

Ross v Meese, 818 F2d 1132, 1135 (4th Cir 1987) "noting that
deprivation of a constitutional right amounts to irreparable
harm."

Cockcroft v Kirkland, 548 F. Supp 2d 767, 776 at *19 (N.D. Cal. 2008)
"stating that the violation of a constitutional right has a
compensatory value regardless of what the physical/emotional
injuries are..."

Hutchins v McDaniels, 512 F.3d 193, 196-98 (5th Cir 2007) "holding
that plaintiff could recover... punitive damages despite
Section 1997 e(e)."

   The violation of a constitutional right is an independent injury.
Royal v Kautzky, 375 F.3d 720, 723 (8th Cir 2004) "finding that
because plaintiff's claim did not involve mental or emotional
injury the PLRA did not bar him from seeking... punitive damages..."


   Canell v Lightner, 143 F3d 1210, 1213 (4th Cir 1998) "the deprivation
of First Amendment Rights entitles a plaintiff to judicial relief
wholly aside from any physical injury he can show, or any
mental or emotional injury he may have incurred."
   "courts have recognized separately a variety of constitutional
injuries that are neither physical nor mental and emotional.
Section 1997 e(e) does not affect such injuries." Thompson v Carter,
284 F3d 411, 418 (2nd Cir 2002)
Memphis Cnty. Sch. Dist. v Stachura, 477 US 299, 310 (1986) "courts
have made compensatory awards for violations of First
Amendment and other intangible rights... without any
reference to mental or emotional injury."

3:18 CV 597

Lipton v Orange County, 315 F. Supp. 2d 434, 457 (S.D. N.Y. 2004) "A First Amendment deprivation presents a "cognizable injury standing alone" and the PLRA does not bar a separate award of damages to compensate the plaintiff for the First Amendment violation in and of itself."

Ramos v Lamm, 639 F2d 559, 566 (10th Cir 1980) "holding that a state must provide prisoners with reasonable adequate Food, clothing, shelter, sanitation, medical care, and personal safety so as to avoid the imposition of cruel and unusual punishment." Nicholson v Chactow County, 498 F. Supp. 295, 308-11 (S.D. Ala. 1980) "Finding that 8th Amendment rights were violated through among other things the unsanitary conditions...

Corr. Servs. Corp. v Malecka, 534 US 61, 72n5 (2001) "noting that state prisoners may sue private corporations under section 1983"

## CLOSING

104.) When a White man stands for his rights he is called a Racist When Blacks do it, it is heritage.

105.) Fifteen (15) Defendants and a combination of Seventeen (17) acts of Racial Discrimination is prima facie evidence of a pattern of Racial Discrimination and Gender Bias against Chapman because he is White.

106.) Defendants will falsely claim Chapman did not comply with the grievance procedure.

38

3:18 CV 597

Chapman enclosed Twenty-One (21) sets of exhausted grievances with hundreds of pages per the PLRA even though the 4th Circuit says he has no constitutional right to a grievance procedure.

107.) Defendants will falsely claim this court has no jurisdiction. The United States District court has jurisdiction to hear all Federal and State constitutional violation claims under the 1871 Civil Rights Act Section 1983, 28 USC Sections 1331, 1343a (3), 1367 to obtain relief from violations of Federal Law 555 Prison Conditions.

108.) Defendants will falsely claim Chapman has stated no claim for which relief can be granted.
Chapman has provided Ten (10) United States Supreme Court cases, Fourteen (14) Court of Appeals cases including the 4th Circuit and eleven (11) United States District Court cases including this District each allowing Chapman compensatory and punitive damages for constitutional violations with no physical mental or emotional injury.

109.) As a direct and proximate cause of the combination of Defendant's actions Chapman suffered when defendants Racially Discriminated against him because he is White, Refused to process his job applications because he is White, has Black Authors and Spanish Authors section no White, Closed Law Library for a Black Holiday, accused Chapman of being a Racist, scheduled a Black History Program, no White,

39

3:18 CV 597

designed Recreation For Blacks, has All Black TV airing in 72 POD area For all Men, No All White TV, denied Chapman Tracking numbers on All Black officers and staff, Giving Chapman a Tracking number For a White officer only, did injure, oppress, Intimidate, make False statements, did use vulgar, obscene, humiliating, racially, and ethnically degrading language; did verbally abuse, use profane, demeaning, indecent, insulting language directed at Chapman with Racial, ethnic connotations and Gender Bias.

In combination Defendant's actions are constitutionally defective.

110.)  There is no law enforcement nor Penological Objective For Racial Discrimination, Gender Bias, Deliberate Indifference, Wantonness, Misappropriation of Funds and Non-Feasance and Mal-Feasance.

111.)  Defendant's behavior itself is enough to show Deliberate Indifference and Wantonness.

112.)  Defendants all with more than one (1) year experience, Know their actions are contrary to policy and law.

113.)  In the simplest and most absolute Terms:

First Amendment, right to petition the government For a Redress of grievances,
Eighth Amendment: Understood to protect the individual

40

3:18 CV 597

and the standards of society: cruel and unusual punishment,
Fourteenth Amendment "Equal Protection Clause; Prohibition of
Discrimination.

42 U.S.C. Section 2000a et. seg. 1964 "comprehensive legislation
to end discrimination based on race, color or national origin
42 USCA Section 1981 Title VII Sex Discrimination
Code of Virginia (COV) Section 40.1-28.6 Gender Discrimination
COV Section 2.2-3900 Virginia Human Right Act
COV Section 2.2-3901 Unlawful discriminatory practices.
Virginia Constitution Article 1 Section 11 Prohibition Discrimination
VDOC OP 135.1 Standards of Conduct
VDOC OP 130.1 Rules of Conduct Governing Employees Relationships
with Offenders were unquestionably clearly established
prior to the time of the incidents and no reasonable person,
guard or staff could possibly believe otherwise.

114.) The Defendants violated Chapman's civil rights protected
by the constitution, Federal law multiple Codes of Virginia,
multiple Operating Procedures of the Virginia Department of
Corrections and any other civil or criminal acts, this court
deems appropriate.
The above is why Chapman will win.

Relief

115.) Relief is asserted against Defendants jointly, severally,
or in the alternative with respect to or arising out of
the same Transaction, occurrance, or series of Transactions
or occurrances.

41

3:18 CV 597

WHEREFORE, Chapman seeks The Following judgment against Defendants,

Total of Twenty Million Dollars ($20,000,000.00)

Not To exclude FURTHER costs or expenses which may be deemed by This court.

Single cell, in population in any prison he is In, OF Chapman's choice To replace The one OF over Ten (10) years he lost Through no Fault OF his own.

Submitted This 29TH day of April 2019.

Respectfully

Louis Roy Chapman pro-se.